IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KARL KREIER,

                Petitioner,                    OPINION & ORDER

    v.

                                                     14-cr-110-jdp-2

UNITED STATES OF AMERICA,                16-cv-430-jdp

                Respondent.

---

Pro se petitioner Karl Kreier is a federal prisoner incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. In 2015, he pleaded guilty to obstruction of interstate commerce by robbery under 18 U.S.C. § 1951 and armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). I sentenced him to 205 months in prison. *United States v. Kreier*, No. 14-cr-110-jdp-2, Dkt. 64, at 3 (W.D. Wis. May 22, 2015).

Kreier moves for resentencing under 28 U.S.C. § 2255, arguing that he is not a career offender under the United States Sentencing Guidelines § 4B1.1 because his offenses of conviction under §§ 1951 and 2113(a) and (d) are not crimes of violence. Dkt. 1. After reviewing his motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, I will deny Kreier's motion.

BACKGROUND

In October 2014, Kreier was arrested for an armed bank robbery. The government accused him of, among other things, brandishing a gun during an armed bank robbery and acting as a getaway driver.

Kreier pleaded guilty to the following charges:

> **Counts 1, 3, 5, 6, 8**: obstruction of interstate commerce by robbery under 18 U.S.C. § 1951;
>
> **Count 10**: armed bank robbery under 18 U.S.C. § 2113(a) and (d); and
>
> **Count 11**: use of a firearm during a crime of violence under 18 U.S.C. § 924(c).

*Kreier*, No. 14-cr-110-jdp-2, Dkt. 62, at 4. I sentenced him in May 2015.

I concluded that Kreier was a career offender under the Career Offender Guideline, USSG § 4B1.1. Under § 4B1.1, at the time of Kreier's sentencing, a criminal defendant was a career offender if he satisfied three conditions:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In Kreier's case, he was at least 18 at the time of his offenses, and his robbery convictions were crimes of violence. He also had two prior qualifying convictions: (1) attempted manufacture or delivery of schedule I or II narcotics under Wisconsin law (*State v. Kreier*, No. 2004-CF-285 (Columbia Cty. Cir. Ct. filed Aug. 2, 2004)); and (2) being party to robbery with use of force under Wisconsin law (*State v. Kreier*, No. 2009-CF-623 (Dane Cty. Cir. Ct. filed Apr. 10, 2009)). Dkt. 62, at 5.

ANALYSIS

Kreier contends that he should be re-sentenced on three grounds: (1) the Supreme Court's decision in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015) made the residual

clause of § 4B1.2(a) unconstitutional; (2) his offense of conviction for robbery under § 1951 is no longer a crime of violence under the force clause of § 4B1.2(a); and (3) his offense of conviction for robbery under § 2113(a) is no longer a crime of violence under the force clause of § 4B1.2(a). Each of these three grounds lacks merit.

I start with Kreier's residual clause issue, which lacks merit for two reasons. Generally, the Supreme Court's "jurisprudence with respect to the [Armed Career Criminal Act] applies with equal force to our interpretation of the 'closely analogous' career offender guideline." *United States v. Lynn*, 851 F.3d 786, 795 n.17 (7th Cir. 2017) (quoting *United States v. Woods*, 576 F.3d 400, 403 (7th Cir. 2009)). But, despite the general rule, the Supreme Court has held that the residual clause under § 4B1.2(a) of the Guidelines is not subject to a vagueness challenge under *Samuel Johnson*. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Furthermore, Kreier's robbery offenses are violent crimes because they satisfy both the enumerated clause and the force clause of § 4B1.2. The residual clause is not the basis for any of Kreier's predicate offenses, so *Samuel Johnson* does not apply here.

For Kreier's second and third grounds, he contends that his offenses of conviction—both federal robbery convictions—are not crimes of violence. But robbery is one of the enumerated crimes under the definition of "crime of violence" in § 4B1.2(a)(2). I am aware of no precedent that raises any doubt whether convictions for Hobbs Act robbery under § 1951 or armed bank robbery under § 2113(a) are crimes of violence under the enumerated clause of the Career Offender Guideline.

Besides, these convictions also are crimes of violence under the force clause in § 4B1.2(a)(1). Robberies under §§ 1951(a) and 2113(a) and (d) are violent crimes under the ACCA's force clause. *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (discussing

3

§ 1951(a)); *United States v. Armour*, 840 F.3d 904, 907-09 (7th Cir. 2016) (discussing §§ 2113(a) and (d)). Even after the *Beckles* decision, the analysis based on the force clause is the same under both the ACCA and under § 4B1.2. *See United States v. Jennings*, 860 F.3d 450, 453 (7th Cir. 2017) ("The guideline's definition of 'crime of violence' includes a force clause that is identical to the force clause of section 924(e), . . . and consequently the analysis as to whether a particular conviction constitutes a crime of violence because it has as an element the use of force is the same whether we are applying the guideline or the ACCA."). Thus, under either clause of § 4B1.2, Kreier's federal robbery convictions are crimes of violence.

Kreier contends that neither Hobbes Act robbery under § 1951 nor armed bank robbery under § 2113(a) requires use of force because each could be committed by intimidation. I take him to be asserting a challenge under *Curtis Johnson v. United States*, 559 U.S. 133 (2010). Under § 1951, robbery can be committed by "fear of injury," and under § 2113(a), it can be committed by "intimidation." Both "fear of injury" and "intimidation" have been interpreted to mean fear and intimidation of bodily injury sufficient to establish these two offenses as crimes of violence.[1]

Kreier raises no challenge to the categorization of his predicate offenses as crimes of violence, and I see no reasonable basis to do so. In sum, Kreier cannot show that sentencing him under the Career Offender Guideline was improper, so I will deny his motion.

---

[1] *Anglin*, 846 F.3d at 965 (holding that "fear of injury" under § 1951 establishes a crime of violence); *Armour*, 840 F.3d at 909 ("Intimidation [under § 2113(a)and (d)] means the threat of force." (citation omitted))); *see also United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016) ("In the ordinary case, robbery by placing a person in fear of bodily injury . . . qualifies as a violent felony under § 924(e)(2)(B)(i)."); *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005) (equating "the use, attempted use, or threatened use of physical force" with "putting any person in fear" of physical injury).

4

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to Kreier. I will not issue a certificate of appealability unless Kreier makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask Kreier to submit a brief on appealability, it is not necessary to do so in this case. No reasonable jurist would debate this decision, so I will not issue Kreier a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Karl Kreier's motion to vacate sentence under 28 U.S.C. § 2255, Dkt. 1, is DENIED.

2. The clerk of court is directed to enter judgment in favor of respondent and close the case.

3. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered August 31, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge